UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-61044-BLOOM

VICTOR SPAGNUOLO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ON MOTION TO VACATE SENTENCE

**THIS CAUSE** is before the Court upon Petitioner Victor Spagnuolo's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. [1] ("Motion"), filed on April 1, 2021.[1] The Motion attacks the constitutionality of his conviction and sentence following a guilty plea in Case No. 17-cr-60263.[2] The Government filed a Response to the Motion, ECF No. [6], with a supporting exhibit, ECF No. [6-1]. The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is dismissed as time-barred.

    **I.**    **BACKGROUND**

On June 14, 2018, following Petitioner's guilty plea, the Court adjudged Petitioner guilty of one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count 1) and

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations and internal quotation marks omitted).

[2] References to docket entries in Petitioner's criminal case, Case No. 17-cr-60263, are denoted as "CR-ECF No."

one count of aggravated identity theft in violation of 18 U.S.C. § 1028(a)(1) (Count IV). CR-ECF No. [44] at 1. In exchange for the guilty plea, the Government moved to dismiss the remaining three counts in the Indictment. CR-ECF No. [24] ("Plea Agreement") ¶ 2; *see also* ECF No. [56] at 37. The Plea Agreement also contained an appeal waiver. CR-ECF No. [24] ¶ 12; *see* CR-ECF No. [55] at 18 ("The Court finds that the waiver of [Petitioner's] right to appeal was knowingly and voluntarily made."). Petitioner was sentenced to 63 months as to count one and 24 months as to count four, to run consecutively. CR-ECF No. [44] at 2. Petitioner subsequently appealed the conviction and sentence on June 18, 2018. CR-ECF No. [47]. On May 10, 2019, the Eleventh Circuit Court of Appeals dismissed the appeal due to the appeal waiver in the Plea Agreement. CR-ECF No. [59] at 3-4; *United States v. Spagnuolo*, 770 F. App'x 547, 548 (11th Cir. 2019) (per curiam). A Mandate was issued on June 10, 2019. CR-ECF No. [59], and Petitioner did not petition the United States Supreme Court for certiorari.

On April 1, 2021, Petitioner filed the instant Motion, ECF No. [1], seeking to challenge his 24-month sentence as to the aggravated identity theft charge as procedurally and substantively unreasonable. *Id.* at 2, 4, 12.

## II.   LEGAL STANDARD

The one-year limitation period to file a § 2255 motion runs from the latest of:

(1) the date on which the judgment becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### III.   DISCUSSION

Upon review, the Court finds that the Motion is untimely. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme Court] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); U.S. Sup. Ct. R. 13.1 (providing 90 days following a Court of Appeals' entry of judgment to petition for a writ of certiorari). Petitioner's judgment of conviction became final on August 8, 2019, 90 days after the Eleventh Circuit entered its Judgment dismissing Petitioner's appeal. *See* CR-ECF No. [59] at 2. On August 8, 2020, the time for filing a timely § 2255 motion expired. *See* 28 U.S.C. § 2255(f)(1). Petitioner did not file the Motion until April 1, 2021, more than seven months after the expiration of the one-year limitation. *See* ECF No. [1] at 24.

#### a. Equitable tolling is not applicable

Petitioner does not contend that a Government-created impediment prevented him from filing his Motion earlier nor does he assert that his claims rely on facts that could not have been discovered earlier through the exercise of due diligence. *See* ECF No. [1]. Similarly, Petitioner does not rely on § 2255(f)(3) to argue that his Motion is timely. *Id.*

Additionally, Petitioner's claims are insufficient to warrant equitable tolling. A petitioner is entitled to equitable tolling, "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and quotation marks omitted); *see also Diaz v. Sec'y, Fla Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) (per curiam) (characterizing the

3

equitable tolling standard as a two-part test, stating that "equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence" (emphasis in original, citation omitted)). The extraordinary circumstances must be circumstances beyond the Petitioner's control. *See Hunter v. Ferrell*, 587 F. 3d 1304, 1308 (11th Cir. 2009) (citations omitted). Furthermore, there must be a "causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required for equitable tolling to be warranted is "reasonable diligence, not maximum feasible diligence." *Id.* (citation and quotation marks omitted).

Here, Petitioner acknowledges that his Motion is untimely but argues that he "was not informed of appeal denial until late 2019. Pandemic then started and Pensacola Prison Camp went on lockdown, not allowing inmates access to the legal library, books, etc. [Petitioner] is now learning of his constitutional right to file a [§] 2255." ECF No. [1] at 23.

It is well settled that mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of the AEDPA's limitation period. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[The Court has] never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness[.]"). Additionally, the Eleventh Circuit has "not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) (per curiam) (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (per curiam)); *see also Felder v. Johnson*, 204 F.3d 168, 172-73 & n.10 (5th Cir. 2000) (holding that ignorance of law and *pro se* status are insufficient to toll statute of limitations (collecting cases)). Indeed, as with any litigant, *pro se* litigants "are deemed to know of the one-year statute of limitations." *Outler v. United States*, 485 F.3d 1273,

4

1282 n.4 (11th Cir. 2007) (per curiam). Thus, to the extent Petitioner suggests he lacks knowledge of the law and does not understand court processes or his legal rights, *see* ECF No. [1] at 23, such allegations are insufficient because Petitioner is presumed to know the applicable statute of limitations.

Moreover, while Petitioner argues that he was denied access to the law library due to the COVID-19 pandemic, it appears that Petitioner's representation is incorrect. ECF No. [1] at 11. In its Response, the Government submitted a report from the Bureau of Prisons showing that from April 1, 2020 through May 20, 2021, Petitioner had access to the "Law Library" and "Upper Law Library." *See* ECF No. [6-1]. Specifically, the report shows that from the start of the report through the time Petitioner filed the Motion, he visited the law library on 50 separate days. *Id.* The report reflects that prior to the August 8, 2020 expiration of the one-year period, Petitioner visited the law libraries on 17 separate days. *Id.* at 24-32. Accordingly, Petitioner is not entitled to equitable tolling.

**b. Actual innocence is not applicable**

While actual innocence may sometimes serve to overcome a procedural bar caused by an untimely filing, such is not the case here. As the Supreme Court has held, actual innocence, if proved, serves as a gateway through which a petitioner may pass when the impediment is a procedural bar under the AEDPA. *See McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013). This is consistent with the rulings of *Schlup v. Delo*, 513 U.S. 298 (1995), and *House v. Bell*, 547 U.S. 518 (2006). *See McQuiggin*, 569 U.S. at 386. To succeed on a claim of actual innocence, the petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup*, 513 U.S. at 327). New evidence means "exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence [] that was not presented at trial." *Schlup*, 513 U.S. at 324. The actual innocence gateway requires a petitioner to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Petitioner does not raise actual innocence as an exception to the AEDPA's procedural bar. Petitioner pleaded guilty and does not rely on "new evidence." Therefore, Petitioner cannot rely on this equitable exception to overcome the untimeliness of his Motion. Without an applicable equitable exception, the Motion is time-barred.

### IV. CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying a motion to vacate under § 2255 has no absolute entitlement to appeal but must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009). The district court should issue a certificate of appealability only if the prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, the prisoner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted); *see also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001). Upon consideration of the record, the Court denies the issuance of a certificate of appealability.

### V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner Victor Spagnuolo's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, **ECF No. [1]**, is **DISMISSED as time-barred**.

2. No certificate of appealability shall issue.

3. Final judgment shall issue by separate order.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 2, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Victor Spagnuolo
#16815-104
Federal Prison Camp
Inmate Mail/Parcels
Post Office Box 3949
Pensacola, FL 32516